UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcelino HERNANDEZ–MORALES,
also known as Marcelino Hernandez,
also known as Marcelino H. Morales,
also known as Marcelino Moral, De-
fendant–Appellant.

No. 04–1299.

United States Court of Appeals,
Tenth Circuit.

Jan. 24, 2005.

John W. Suthers, U.S. Attorney, An-
drew A. Vogt, Asst. U.S. Attorney, Jerry
N. Jones, Office of the United States At-
torney, Denver, CO, for Plaintiff–Appellee.

Marcelino Hernandez–Morales,
#31040–013, Florence, CO, pro se.

Before KELLY, HENRY, and
TYMKOVICH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

PAUL KELLY, JR., Circuit Judge.

Petitioner–Appellant Marcelino Hernan-
dez–Morales, a federal inmate appearing
pro se, seeks a certificate of appealability
("COA") to challenge the district court's
denial of his 28 U.S.C. § 2255 motion and
a subsequent motion to alter or amend the
judgment that raised claims pursuant to
*Blakely v. Washington,* —— U.S. ——, 124
S.Ct. 2531, 159 L.Ed.2d 403 (2004).
Where the district court denies a habeas
petition on the merits, a COA should issue
when the petition "demonstrate[s] that
reasonable jurists would find the district
court's assessment of the constitutional
claims debatable or wrong." *Slack v.
McDaniel,* 529 U.S. 473, 484, 120 S.Ct.
1595, 146 L.Ed.2d 542 (2000). Where the
district court denies a petition on proce-
dural grounds, a COA should only issue
when the petitioner "shows, at least, that
jurists of reason would find it debatable
whether the petition states a valid claim of
the denial of a constitutional right and that
jurists of reason would find it debatable
whether the district was correct in its pro-
cedural ruling." *Id.; see also Miller–El v.
Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029,

154 L.Ed.2d 931 (2003). Because we determine that Mr. Hernandez–Morales has not made such a showing, we deny a COA and dismiss the appeal.

Mr. Hernandez–Morales pleaded guilty to one count of unlawful reentry into the United States following deportation subsequent to a conviction for an aggravated felony. 8 U.S.C. § 1326(a) & (b)(2). He objected at sentencing to a twelve-level enhancement for having been previously convicted of a drug-trafficking offense for which the sentence imposed was thirteen months or less. U.S.S.G. § 2L1.2(b)(1)(B). Both the district court and this court on direct appeal rejected his claim that the enhancement should have been contained in the indictment pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Hernandez–Morales,* 69 Fed.Appx. 987, 988 (10th Cir.2003).

Mr. Hernandez then filed his § 2255 motion claiming (1) ineffective assistance of counsel based on counsel's promise that the sentence would not include the enhancement, (2) his plea was not knowingly made given the alleged misrepresentation and the lack of an adequate translator during the plea process, and (3) the district court improperly applied the enhancement not in conformity with the Sentencing Guidelines. The district court rejected all three grounds. R. Doc. 61. Thereafter, Mr. Hernandez–Morales filed a motion to alter or amend judgment claiming that *Blakely* related to his third claim. R. Doc. 62 at 2. On motion of the government, the district court determined that Mr. Hernandez–Morales was attempting to raise a new claim in the motion to alter or amend and directed the clerk to transfer the motion to the court of appeals as a second or successive § 2255 motion. R. Doc. 69.

Thereafter, Mr. Hernandez–Morales on his own applied to this court for leave to file a second or successive § 2255 motion on *Blakely* grounds. A panel of this court denied leave and dismissed the matter on the grounds that the Supreme Court has not held *Blakely* applicable to the federal sentencing guidelines, let alone retroactively to review cases on collateral review. *Hernandez–Morales v. United States,* No. 04–1335, Order at 2 (Oct. 7, 2004).

In seeking a COA in this case (04–1299), Mr. Hernandez–Morales raises only the applicability of *Blakely.* This claim is not reasonably debatable—the district court lacked jurisdiction over the motion to alter or amend the judgment as a second or successive § 2255 motion, and the court of appeals has rejected the same claim.

Accordingly, we DENY COA and DISMISS the appeal.